UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANS SITAL,

                                        Plaintiff,

                                                                           DECISION AND ORDER

                                                                            06-CV-6072L

               v.

C.O. J. BURGIO,
Attica Correctional Facility,
C.O. C. SWEENEY,
JAMES KENNEDY,
Commissioner Hearing Officer,
RICHARD SAVAGE,
Deputy Superintendent Programs,
D. O'CONNELL,
Sergeant Attica Correctional Facility,
C.O. T. TURICI,
Attica Correctional Facility,

                                         Defendants.
_____

       Plaintiff, Fans Sital, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in a number of ways during his confinement at the Attica Correctional Facility.

       Defendants have moved for summary judgment dismissing the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has moved for summary judgment on all but

one of his claims. For the reasons that follow, defendants' motion is granted, plaintiff's motion is denied, and the complaint is dismissed.

## DISCUSSION

**I. False Misbehavior Reports**

In his first cause of action, plaintiff alleges that his due process rights were violated when he was falsely charged with drug possession and smuggling. Plaintiff was found guilty of those charges after a Tier III hearing before defendant Hearing Officer James Kennedy, who sentenced plaintiff to eighteen months of confinement in the Special Housing Unit ("SHU").

On administrative appeal, Donald Selsky, the DOCS Director of Special Housing and Inmate Discipline, reversed the finding of guilt on the smuggling charge because the hearing record was incomplete. Dkt. #49-3 at 2. Selsky also affirmed the drug possession finding but reduced plaintiff's sentence to twelve months in SHU.

On Article 78 review, a state court ordered a rehearing on the drug possession charge, due to DOCS's failure to produce a complete hearing transcript. *See* Dkt. #49-2 at 59-61. Plaintiff was found not guilty upon rehearing before a different hearing officer. He was released from SHU after serving roughly nine and a half months of his twelve-month SHU sentence. Plaintiff's Statement of Facts (Dkt. #61-2) ¶ 14.

"The Second Circuit has held that the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own to establish a denial of due process ... ." *Faison v.*

*Janicki*, No. 03-CV-6475, 2007 WL 529310, at *4 (W.D.N.Y. Feb. 14, 2007) (citing *Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988)). *See also Moore v. Casselberry*, ___ F.Supp.2d ___, 2008 WL 4768831, at *1 (W.D.N.Y. 2008) ("There is no basis for a constitutional claim alleging the mere filing of a false report"); *Flemings v. Kinney*, No. 02 Civ. 9989, 2004 WL 1672448, at *3 (S.D.N.Y. July 27, 2004) ("It is well settled that 'a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report'") (quoting *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)).

> Rather, to maintain an actionable claim against correction officers for filing a false misbehavior report, a plaintiff must be able to show either: (1) that he was disciplined without adequate due process, as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right.

*Allen v. City of New York*, 480 F.Supp.2d 689, 721 (S.D.N.Y. 2007). *Accord Livingston v. Kelly*, 561 F.Supp.2d 329, 331-32 (W.D.N.Y. 2008); *Flemings*, 2004 WL 1672448, at *3.

In the case at bar, plaintiff does not allege, nor is there any evidence, that defendants issued the allegedly false reports against him out of any retaliatory motive. He does allege that his due process rights were violated in connection with the subsequent Tier III hearing, and those allegations are addressed below. To the extent that plaintiff's claims are based solely upon the issuance of allegedly false misbehavior reports, however, they fail to show a constitutional violation and must be dismissed.

**II. Disciplinary Hearing**

A prison inmate charged with a disciplinary infraction is entitled under the Due Process Clause to: "advance written notice of the charges; a fair and impartial hearing officer; a reasonable

opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken." *Luna v. Pico*, 356 F.3d 481 (2d Cir. 2004); *accord Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Shell v. Brzezniak*, 365 F.Supp.2d 362, 376 (W.D.N.Y. 2005); *see also Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) ("The due process protections afforded a prison inmate do not equate to 'the full panoply of rights' due to a defendant in a criminal prosecution") (quoting *Wolff*, 418 U.S. at 556).

Here, the entire basis for plaintiff's § 1983 claim against Hearing Officer Kennedy appears to be the allegation that Kennedy was biased, and that his finding of guilt was not supported by the evidence. There is no basis in the record for such a claim.

"[T]he Supreme Court has clarified that judicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" *Sira*, 380 F.3d at 69 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). "This standard is extremely tolerant and is satisfied if 'there is *any* evidence in the record that supports' the disciplinary ruling." *Id.* (quoting *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000).

A review of the hearing transcript in this case establishes that the "some evidence" standard has been amply met here. There was evidence that an officer had seen plaintiff swallow something, that drugs were found in the room where this occurred, and that drugs were later discovered in plaintiff's feces. The mere fact that Kennedy's disposition was later reversed (due to the lack of a complete transcript) or that the hearing officer who presided over the second hearing came to a different conclusion than Kennedy does not show that Kennedy was biased or that his decision was not supported by *some* evidence. *See Sira*, 380 F.3d at 76 n. 9 ("Director Selsky's reversal of Sira's

- 4 -

disciplinary ruling ... does not automatically establish Sira's federal claim"); *Alicea v. Howell*, 387 F.Supp.2d 227, 233 (W.D.N.Y. 2005) ("although the determination [of guilt] was ultimately reversed by Selsky, that is not dispositive"); *Pacheco v. Vanwyk*, No. 94-CV-456, 1997 WL 642540, at *13 (N.D.N.Y. Oct. 15, 1997) (concluding that there was sufficient evidence for hearing officer to find that inmate was guilty of rioting, and "[t]hus, there was no *constitutional* infirmity in the guilty finding even if one of the charges was later reversed").

Plaintiff also alleges in conclusory fashion that certain state regulations and DOCS directives were violated in connection with the misbehavior reports and disciplinary proceedings. Even if plaintiff's allegations in that regard are true, that does not establish a § 1983 claim. *See Alicea*, 387 F.Supp.2d at 233; *Davis v. Castleberry*, 364 F.Supp.2d 319, 323 (W.D.N.Y. 2005); *Pisciotti v. County of Wayne*, 76 F.Supp.2d 307, 311 (W.D.N.Y. 1999). There has been no showing here of any violation of plaintiff's federal *constitutional* rights.

**III. Eighth Amendment Claim**

Plaintiff also alleges that the conditions of his confinement in the drug-watch room (where he was held for six days so that officers could examine his feces to see if they contained drugs) and during his nine-month stay in SHU were so harsh as to violate plaintiff's Eighth Amendment right to be free from cruel and unusual punishments. Defendants are entitled to summary judgment on this claim as well.

Although the evidence indicates that plaintiff's living conditions were unpleasant, the evidence does not support a finding that those conditions were particularly severe, or that they

"jeopardize[d his] health or safety," so as to give rise to an Eighth Amendment claim. *Johnson v. Hannah*, 421 F.Supp.2d 604, 607 (W.D.N.Y. 2006). *See also Stankowski v. Farley*, 487 F.Supp.2d 543, 575 n. 28 (M.D.Pa. 2007) (inmate's allegation that area in which he was held had cold-air ducts that were constantly blowing, and had a leaking sink, did not state an Eighth Amendment claim); *Zimmerman v. Seyfert*, No. 9:03-CV-1389, 2007 WL 2080517, at *29 (N.D.N.Y. July 19, 2007) ("the allegations in the Amended Complaint that Defendant Karamonos 'spit' in Plaintiff's food and poked his finger in Plaintiff's food are conclusory and unsubstantiated. ... Plaintiff provides no factual support for the contention and, therefore, the claim in subject to dismissal").

Furthermore, plaintiff has failed to present evidence indicating that defendants acted with the requisite culpable state of mind to establish such a claim. *See Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir., 2003) ("deliberate indifference" standard applies to conditions-of-confinement claims, not the more exacting "malicious or sadistic" standard applied in excessive-force cases); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (applying deliberate-indifference standard to claim alleging that inmate was exposed to unsanitary conditions and prolonged cold); *Blissett v. Coughlin*, 66 F.3d 531, 536-37 (2d Cir. 1995) (applying deliberate-indifference standard to case involving allegations that inmate was housed for several days in a "dark unsanitary observation cell, without any personal amenities").

**IV. Right to Privacy**

Plaintiff also alleges that his privacy rights were violated because he was forced to defecate in full view of other persons in the drug-watch room. This allegation fails to state a claim.

"[P]rivacy is the thing most surely extinguished by a judgment committing someone to prison." *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-30 (1984)), *cert. denied*, 519 U.S. 1006 (1996). Even assuming that inmates retain *some* privacy rights with regard to their bodily functions, I find that defendants' legitimate penological interests in maintaining prison security and discipline, particularly concerning the suspected smuggling and possession of illegal drugs, outweighed any such rights possessed by plaintiff under the facts of this case. *See Mendoza v. Blodgett*, 960 F.2d 1425, 1430 (9th Cir. 1992), *cert. denied*, 506 U.S. 1063 (1993); *Cann v. Hayman*, No. 07-2416, 2008 WL 2276006, at *7 (D.N.J. June 2, 2008).

In any event, it cannot be said that defendants' actions in this regard violated any clearly established rights of which they should have been aware. Defendants are therefore entitled to summary judgment on the ground of qualified immunity as well. *See Hamilton v. Conway*, No. 03-CV-527, 2008 WL 234216, at *11-*12 (W.D.N.Y. Jan 28, 2008) (finding that there is no clearly established law concerning whether allowing prison employees to view prisoners under "drug watch" using showers and bathrooms is a constitutional violation), *vacated on other grounds in part*, 2008 WL 346156 (W.D.N.Y. Feb 7, 2008).

**CONCLUSION**

Defendants' motion for summary judgment (Dkt. #48) is granted, and the complaint is dismissed.

Plaintiff's motion for partial summary judgment (Dkt. #57) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 8, 2009.